## Sword v. Cline, et al.

(Decided March 13, 1917.)

### Appeal from Pike Circuit Court.

1. Vendor and Purchaser—Boundaries—Unrecorded Title Bond—Notice—Bona Fide Purchaser.—A father conveyed by deed of record a tract of land to his son. Subsequently he sold another tract to his son by title bond, which was not put to record. Thereafter a portion of the father's land was sold under execution by description calling for the line of his son: Held, that as the purchaser did not have notice of the existence of the title bond and the facts were not such as to put a prudent purchaser

on inquiry and lead to the discovery of the existence of the title bond by ordinary diligence, he was a bona fide purchaser for value without notice and acquired title up to the son's deeded boundary, and not merely to the line of the title bond.

2. Vendor and Purchaser—Bona Fide Purchaser—Unrecorded Title Bond—Notice.—A purchaser for value of the heir of one having a record title to land, without actual or constructive notice of the existence of a title bond executed by the intestate to his son, acquires title as against the son.

STRATTON & STEPHENSON for appellant.

J. S. CLINE and AUXIER, HARMAN & FRANCIS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is a controversy between J. S. Cline and John R. Sword over the ownership of two small tracts of land in Pike county. On the hearing below judgment was rendered in favor of Cline, and Sword appeals.

One of the tracts involved consists of 1.35 acres and is very valuable as mining property. The other tract consists of 13 acres, in which J. S. Cline claims an undivided one-seventh interest. Prior to 1882, F. M. Sword owned a large body of land, including the tracts in controversy, and both parties claim title through him. Cline acquired his title to the 1.35-acre tract in the following way: In 1886, an execution was levied on the tract of land belonging to F. M. Sword. A portion of his land was sold by the sheriff and conveyed to John A. Bell, trustee, in the year 1894. On February 15, 1902, John A. Bell conveyed the land to Cline. Cline's title to an undivided interest in the 13-acre tract was acquired by deed from Nancy Sword Mullins, a daughter of F. M. Sword, which was put to record on March 12, 1906. John R. Sword claims title to the 1.35-acre tract and 13-acre tract under a title bond from his father, F. M. Sword, executed in the year 1883, but not recorded until April 7, 1906.

The first question to be determined is whether the deed from the sheriff to Bell, trustee, and the deed from Bell, trustee, to Cline cover the 1.35-acre tract. It appears that prior to the execution sale F. M. Sword had sold and conveyed to John R. Sword a considerable portion of his land, and the deed was on record. John R. Sword testifies that the title bond was executed to him by his father in the year 1883, and the evidence shows

that the title bond covers the 1.35-acre tract. The concluding calls in the description of the land sold at the execution sale and thereafter purchased by Cline are as follows: ". . . ; thence to J. R. Sword's line, and with this line to the river, the place of beginning."

If the call to John R. Sword's line refers to the latter's line as fixed by the deed from his father, then the 1.35-acre tract is included in Cline's deed. On the other hand, if the call to John R. Sword's line extends merely to the latter's line under his title bond, the 1.35-acre tract is not included in Cline's deed. According to the record, F. M. Sword, the judgment debtor, owned the tract given up to be sold for his debts up to the deeded line of his son. The title bond covering a small portion of the tract given up to be sold was not of record, and the evidence fails to show that, at the time of the purchase under the execution, or the purchase by Cline, the purchasers had notice of the existence of the title bond, or that the facts were such as to put a prudent purchaser on inquiry and lead to the discovery of the existence of the title bond by ordinary diligence. In the absence of such notice, or of such facts, the purchasers had the right to rely on the record and to buy in the belief that the tract purchased ran to John R. Sword's deeded line, and were, therefore, *bona fide* purchasers for value up to that line. Walker v. McKnight, 15 B. Mon. 467.

The same rule applies with respect to the purchase of the undivided interest in the 13-acre tract. The title of record was in F. M. Sword. On his death it descended to his heirs. One of the heirs was Nancy Sword Mullins. The deed was procured and the land paid for prior to the recording of the title bond, and the evidence fails to show that Cline had actual or constructive notice of the existence of the title bond. Under these circumstances, he was a *bona fide* purchaser for value without notice.

Judgment affirmed.